JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

15-cv-2273

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
AYASHA GAY-HUBBARD

**(b)** County of Residence of First Listed Plaintiff  **DELAWARE**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
JOHN W. NAILS, ESQUIRE
400 WELSH STREET, 1ST FLOOR
CHESTER, PA 19013 (610) 876-0306

## DEFENDANTS
AUS MARKETING RESEARCH SYSTEMS, INC.

County of Residence of First Listed Defendant  **DELAWARE**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 2000(e) ET.SEQ.  42 U.S.C. §§ 1981 AND 1981(a)
Brief description of cause:
PLAINTIFF WAS TERMINATED BECAUSE OF HER SEX AND IN RETALIATION FOR COMPLAINTS

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____
DOCKET NUMBER _____

DATE 4/27/15
SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

APR 27 2015

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 121 Verlenden Avenue, Darby, PA 19023

Address of Defendant: 1452 Chester Pike, Sharon Hill, PA 19079

Place of Accident, Incident or Transaction: 1452 Chester Pike, Sharon Hill, PA 19079
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐ No☒

Does this case involve multidistrict litigation possibilities?   Yes☐ No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐ No☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐ No☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐ No☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 4/27/15    _____    21148
                   Attorney-at-Law              Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 4/27/15    _____    21148   APR 27 2015
                   Attorney-at-Law              Attorney I.D.#

CIV. 609 (6/08)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Ayasha Gay-Hubbard  
v.  
Aus Marketing Research Systems, Inc.

CIVIL ACTION

NO.  

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

4/27/15  
**Date**

610-876-0306  
**Telephone**

_____  
**Attorney-at-law**

610-876-0309  
**FAX Number**

John W. _____  
**Attorney for** Plaintiff

NailsJW@aol.com  
**E-Mail Address**

(Civ. 660) 10/02



$400

MSG

JOHN W. NAILS, ESQUIRE
400 Welsh Street
1st Floor
Chester, PA 19013
(610) 876-0306
Attorney for the Plaintiff
Atty. I.D. # 21148

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA
CIVIL ACTION – LAW

| | |
|---|---|
| **AYASHA GAY-HUBBARD** | : NO: 15 2273 |
| **Plaintiff** | : |
| | : |
| v. | : ATTY. I.D. #: 21148 |
| | : |
| **AUS MARKETING RESEARCH** | : |
| **SYSTEMS, INC.** | : |
| **Defendant** | : **JURY TRIAL DEMANDED** |

## COMPLAINT

AND NOW, comes the plaintiff, Ayasha Gay-Hubbard, by her attorney, John W. Nails, Esquire, and makes the following statement in support of her complaint:

1. Ayasha Gay-Hubbard, hereinafter referred to as the "plaintiff", is an African American female individual who currently resides at 121 Verlenden Avenue, Darby, Delaware County, Pennsylvania 19023.

2. Aus Marketing Research Systems, Inc., is a corporation licensed to do business in Pennsylvania with a place of business located at 1452 Chester Pike, Sharon Hill, Delaware County, Pennsylvania 19079. It is involved in an industry that affects Interstate Commence and has more than fifteen (15) employees.

## JURISDICTION AND VENUE

3. The Jurisdiction of this Court is invoked pursuant of the provisions of 42 U.S.C. § 2000(e) et.seq. and 42 U.S.C. §§ 1981 and 1981(a) which gives the District Courts Jurisdiction of Claims of discrimination made by employees against private companies that affect interstate commerce.

4. All acts complained of herein occurred within the Eastern District of Pennsylvania.

## COUNT I

5. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 4 just as if the same had appeared herein.

6. The plaintiff began working for the Defendant in May 2011 as a Survey Researcher.

7. At the time of the discrimination alleged in the complaint, plaintiff was a Survey Researcher.

8. During her course of employment with the defendant, she was sexually harassed by Preston Driggins, a fellow employee.

9. On several occasions Preston Driggins sexually assaulted the plaintiff by touching her buttocks.

10. Preston Driggins regularly and repeatedly made comments to the plaintiff which contained offensive sexual connotations.

11. Plaintiff reported this conduct to her supervisor but no action was taken.

12. On or about April 17, 2014, plaintiff's tires and convertible roof of her car were slashed.

13. Plaintiff believes and therefore avers that her tires were slashed and convertible roof top cut by Preston Driggins because of her rejection of his sexual advances.

14. After that date, plaintiff had her husband drive her to work so that she would not have to leave her car in the parking lot.

15. On April 22, 2014, a confrontation occurred between plaintiff's husband and Preston Driggins.

16. Preston Driggins, during this altercation threatened plaintiff's husband with a knife.

17. Plaintiff was not involved in the altercation.

18. When plaintiff reported to work on April 24, 2014, plaintiff was advised that she had been terminated because of the altercation between her husband and Preston Driggins.

19. Preston Driggins, a black male, was not terminated nor disciplined because of the altercation.

20. Plaintiff believes and therefore avers that she was terminated because of her sex and because of her complaints of sexual harassment against Preston Driggins.

21. The conduct of the defendant in terminating the plaintiff because of her sex and because of her complaints of sexual harassment violate the provisions of 42 U.S.C. § 2000(e)-2 and the provisions of 42 U.S.C. §§ 1981 and 1981(a).

22. The conduct of the defendant was wanton and reckless and in total disregard for the rights of the plaintiff.

23. When the plaintiff worked for the defendant, she was paid $8.25 (eight dollars and twenty-five cent) per hour and averaged 25 hours per week.

24. Since her termination by the defendant, although submitting numerous applications, plaintiff has been unable to find other employment.

25. Since her termination by the defendant, plaintiff has suffered a great deal of mental and emotional distress and continues to so suffer even as of the present time.

## COUNT II

26. The plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 25 just as if the same had appeared herein.

27. The actions of the defendant, Aus Marketing Research Systems, Inc., as complained of herein, violate the provisions of the 42 U.S.C. § 2000(e) et. seq..

28 The actions of the defendant complained of herein violate the provisions of 42 U.S.C. §§ 1981 and 1981(a).

29. The plaintiff timely filed complaints with the Equal Employment Opportunity Commission claiming sexual discrimination and retaliation regarding those claims.

30. By letter dated January 28, 2015, the plaintiff was issued a "right to sue" letter by the Equal Employment Opportunities Commission. A copy of that letter is attached hereto and marked Exhibit "A".

## COUNT III
### RELIEF REQUESTED

31. The plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 30 just as if the same had appeared herein

32. As a result of the actions complained of herein, plaintiff requests compensatory damages including but not limited to damages for loss wages, mental anguish and emotional distress as well as for embarrassment and humiliation suffered by the plaintiff as a result of the actions of the defendant.

33. Plaintiff requests that the court declare that the actions of the defendant against the plaintiff were committed with malice or with reckless indifference to the federally protected rights of the plaintiff and award plaintiff punitive damages.

34. Plaintiff requests that the defendant be ordered to reinstate the plaintiff with back pay.

WHEREFORE, Plaintiff, Ayasha Gay-Hubbard requests this Honorable Court enter judgment in her favor and against the Defendant, Aus Marketing Research Systems, Inc., and she will ever pray.

Respectfully submitted,

_____
JOHN W. NAILS, ESQUIRE
400 Welsh Street
1st Floor
Chester, PA  19013
(610) 876-0306
Atty. I.D. # 21148
Attorney for the plaintiff

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | Ayasha Gay<br>121 Verlenden Avenue<br>Darby, PA 19023 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 17F-2014-61244 | P M. Lucas,<br>Investigator | (215) 440-2652 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Spencer H. Lewis, Jr.,
District Director

January 28, 2015
*(Date Mailed)*

Enclosures(s)

cc:  AUS MARKETING RESEARCH SYSTEMS, INC

John W. Nails, Atty.
400 Welsh Street, 1st Floor
Chester, PA 19013

Rhonda O'Donnell, Atty.
2000 Market Street
Suite 2300
Philadelphia, PA 19103



PLAINTIFF'S EXHIBIT A